Sean F. Kane (SK 4568)
DRAKEFORD & KANE LLC
475 Park Avenue South
15th Floor
New York, New York 10016
(212) 696-0010
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'07 CIV 6583



------------------------------------------------------------x

TECHLAND, ROBERT BOSCH GMBH,
ANIME VIRTUAL S.A., ZUXXEZ ENTERTAINMENT AG,
KONTOR RECORDS, TOBIS FILM GMBH & CO. KG,
OG-SOFT PRODUCTIONS and PEPPERMINT JAM
RECORDS GMBH,

                        Plaintiffs,        :    Case No.

DOES 1 – 15,752

                        Defendants.     :

------------------------------------------------------------x

### PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, Techland, Robert Bosch GmbH, Anime Virtual S.A., Zuxxez Entertainment AG, Kontor Records, TOBIS Film GmbH & Co. KG, OG-Soft Productions and Peppermint Jam Records GmbH (referred to herein as the "Plaintiffs"), by and through their undersigned attorneys Drakeford & Kane LLC, for their Complaint against the various DOES 1-15,752 ("Defendants"), aver as follows:

#### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.    This Court has jurisdiction under 17 U.S.C § 101 et seq.; 28 U.S.C § 1331 (federal question); and 28 U.S.C § 1338(a) (copyright).

3.  Venue in this District if proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identities of the Defendants are unknown to Plaintiffs at this time, on information and belief, Defendants may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendants, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendants use an online service provider found in this District to access the Internet, which facilitated Defendants' infringing activities.

## PARTIES

4.  Plaintiff Techland is a corporation duly organized and existing under the laws of Poland, with its principal place of business at 50-077 Wroclaw, Ul.Kazimierza Wlk.27, Poland.

5.  Plaintiff Robert Bosch GmbH, is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Auf der Breit 4, 76227 Karlsruhe, Germany.

6.  Plaintiff Anime Virtual S.A. is a corporation duly organized and existing under the laws of Switzerland, with its principal place of business at rue de l'industrie 7, CH - Renens, Switzerland.

7.  Plaintiff Zuxxez Entertainment AG is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Rittnertstrasse 36, 76227 Karlsruhe, Germany.

8. Plaintiff Kontor Records is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Neumühlen 17, 22763 Hamburg, Germany.

9. Plaintiff TOBIS Film GmbH & Co. KG is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Pacelliallee 47, 14195 Berlin, Germany.

10. Plaintiff OG-Soft Productions is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Zirbelstraße 48, 86154 Augsburg, Germany.

11. Plaintiff Peppermint Jam Records GmbH is a corporation duly organized and existing under the laws of Germany, with its principal place of business at Boulevard der EU 8, 30539 Hannover, Germany.

12. The true names and capacities of the Defendants are unknown to Plaintiffs at this time. Defendants are known to Plaintiffs only by the Internet Protocol ("IP") address assigned to the Defendants by his/her or their online service provider on the date and time at which the infringing activity of the Defendants was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of Defendants' true names.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

13. Plaintiffs incorporate herein by their reference each and every allegation contained in each paragraph above.

14. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States and international copyright law with respect

to certain copyrighted sound recordings, movies, videogames and computer programs, including, but not limited to, all of the copyrighted works on Exhibit A to this Complaint (collectively these copyrighted works shall be referred to herein as the "Copyrighted Materials"). Each of the Copyrighted Materials is the subject of a valid certificate of copyright registration, or similar document, issued in the United States or by the relevant jurisdiction.

15. Among the exclusive rights granted to each Plaintiff are the exclusive rights to reproduce the Copyrighted Materials and to distribute the Copyrighted Materials to the public.

16. Plaintiffs are informed and believe that Defendants, without permission or consent of the Plaintiffs, have used, and continue to use, an online media distribution system to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Materials. Exhibit A identifies on a Defendant-by-Defendant basis a list of copyrighted sound recordings, movies, videogames and computer programs that Defendants have, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright.

17. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

18. As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against Defendants for each infringement by the Defendants of each copyrighted

sound recording, movie, videogame or computer program. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

19. The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting the Defendants from further infringing Plaintiffs' copyrights, and ordering that the Defendants destroy all copies of each copyrighted sound recording, movie, videogame or computer program made in violation of Plaintiffs' exclusive rights.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For an injunction providing the following or substantially similar relief:

"Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Materials and any other copyright protected works, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate of the Plaintiffs) ("Plaintiffs' Materials"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Materials, to distribute (i.e., upload) any of Plaintiffs' Materials, or to make any of Plaintiffs' Materials available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendants also shall destroy all copies of Plaintiffs' Materials that Defendants have downloaded onto any computer hard drive or server without Plaintiffs authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody or control."

2. For statutory damages for each infringement of each of the Copyrighted Materials pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' fees, costs and disbursements in this action, including but not limited to, reasonable attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues triable by right to a jury.

Dated: July 20, 2007

**DRAKEFORD & KANE LLC**
475 Park Avenue South
15th Floor
New York, New York 10016
(212) 696-0010

By: _____
Sean F. Kane, Esq. (SK 4568)