Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UMG RECORDINGS, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 04-093 (CKK) |
| JOHN DOES 1-199, | |
| Defendants. | |

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service.  Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.


March 10, 2004                                          /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

       v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**ORDER**
(March 10, 2004)

    In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

    ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004                                    /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3  2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

VIRGIN RECORDS AMERICA, INC., :
et al.,                        :
                               :
            Plaintiffs,        :
                               :        CIVIL ACTION NO.
v.                             :
                               :        1:04-CV-0438-CC
DOES 1 - 44,                   :
                               :
            Defendants.        :

## ORDER

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1]  In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1]    Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "amici") have moved the Court for leave to file a memorandum as amici curiae addressing Plaintiffs' motion for expedited discovery. In their memorandum, amici argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, amici argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, amici argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose amici's motion, arguing that amici's effort to inject themselves into this case is premature.

As an initial matter, amici's motion for leave to file their memorandum is GRANTED.[2] However, after consideration of amici's brief, the Court agrees with Plaintiffs that the issues raised by amici are premature. In this regard, no party to this action has raised any of the issues addressed in amici's memorandum, and amici may not inject issues into the case which have not been raised by a party. See McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2]    See DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

- 2 -

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

- 3 -

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED. *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this _3rd_ day of ___March___, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 4 -

Exhibit C

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAR 0 1 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

MOTOWN RECORD COMPANY, L.P.,
a California limited partnership, et al.,

    Plaintiffs,

v.

DOES 1-252,

    Defendants.

CIVIL ACTION FILE

NO. 1:04-CV-439-WBH

## ORDER

Before the Court is Plaintiffs' motion for leave to take expedited discovery [3] in which Plaintiffs request Court permission to serve limited, immediate discovery on third party Internet Service Provider ("ISP") Cox Communications ("Cox") to determine the true identities of the Defendants. According to the Complaint, each Defendant used an online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it is Cox.[1]

---

[1] On the same day that they filed this action, Plaintiffs filed a nearly identical complaint in this district against unidentified defendants who allegedly used Earthlink as their ISP. See Virgin Records America, Inc., et al. v. Does 1-44, 1:04-CV-0438-CC (N.D. Ga.). Plaintiffs have recently filed similar cases in other parts of the country as well.

AO 72A

In their motion, Plaintiffs ask the Court for permission to serve a Rule 45 subpoena on Cox seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address. Plaintiffs state that if the Court grants their motion, they will serve a subpoena on Cox and give Cox 15 business days to either comply with it or file a motion to quash. Plaintiffs believe that upon receiving the subpoena, Cox will notify its subscribers that this information is being sought, thus providing the individual Defendants with a narrow window of time during which they may move to quash the subpoena.

Public Citizen, the ACLU, and the Electronic Frontier Foundation (collectively "amici") have filed a memorandum as amici curiae addressing this motion.[2] In their memorandum, amici claim that Plaintiffs have failed to make a showing sufficient to warrant discovery into the identities of persons who have communicated anonymously over the Internet, arguing that the First Amendment right to anonymous speech must be protected. Amici also argue that this case presents significant issues related to personal jurisdiction and joinder. Finally, amici argue that if the Court allows the discovery, the Court should enlarge the period of time during which Cox must respond to the subpoena so that the individual defendants will have a meaningful opportunity to voice their objections, if any, to the subpoena.

---

[2] Plaintiffs take the position that the Court should deny amici's motion to file their memorandum. While the Court is not inclined to follow all the recommendations raised by amici – at least at this point – the Court nevertheless found amici's memorandum helpful and insightful. For that reason, amici's motion for leave to file their memorandum is granted. See DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001) (noting that there is no rule governing the filing of an amicus brief in district court and stating that the decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court).

2

Plaintiffs respond, and the Court agrees, that the issues raised by amici are premature. As Plaintiffs point out, no party to this action has raised any of the issues addressed in amici's memorandum, and it is well established that amici cannot inject issues into a case which have not been raised by a party. See McCleskey v. Zant, 499 U.S. 467, 523 n.10 (1991). The constitutional as well as the procedural issues identified by amici can be resolved in the ordinary course of this litigation at the appropriate time.

In order to get this case moving, Defendants must be identified, and Plaintiffs' request for expedited discovery is reasonably tailored to achieve this goal. The Court agrees with amici, however, that Cox should be given a slightly longer period during which it may respond to the subpoenas.

Accordingly, IT IS HEREBY ORDERED THAT:

Plaintiffs may serve immediate discovery on Cox to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court;

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint;

If and when Cox is served with a subpoena, within five business days thereof, it shall give notice to the subscribers in question of the subpoena. If Cox and/or any Defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which will be 25 business days from the date of service;

3

If and when Cox is served with a subpoena, Cox shall preserve the subpoenaed information in question pending resolution of any timely filed motion to quash; and

Counsel for Plaintiffs shall provide a copy of this Order to Cox along with the subpoena.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to take expedited discovery [3] is GRANTED. Amici's motion for leave to file memorandum [5] is GRANTED.

It is so ORDERED this ___1___ day of March, 2004.

Willis B. Hunt, Jr.
Judge, United States District Court

4

40 72A

Exhibit D

STERNS & WEINROTH, P.C.
50 West State Street, Suite 1400
Trenton, N.J. 08607-1298
KAREN A. CONFOY (KC-0848)
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | CIVIL ACTION Case No.: ~~06~~ 04-607 (GEB) <br><br> [PROPOSED] ORDER GRANTING EX PARTE RELIEF PERMITTING PLAINTIFFS TO CONDUCT LIMITED EXPEDITED DISCOVERY UPON RCN CORPORATION |
| Plaintiffs, | |
| v. | |
| DOES 1 - 7, | |
| Defendants. | |

Upon Plaintiffs' application for an Order to Show Cause granting Plaintiffs *ex parte* relief permitting them to conduct limited expedited discovery, the supporting memorandum of law, the declaration of Jonathan Whitehead and exhibit thereto, and the declaration of Karen A. Confoy, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on RCN to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 2/17/04

_____
United States District Judge

2

Exhibit E

01/27/04  09:28 FAX                        COWAN, LIEBOWITZ & LATMAN                    ☒002
    01/26/04  MON 13:32 FAX 1 212 805 7906      JUDGE CHIN'S CHAMBERS                       ☒002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; LONDON-SIRE RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; ARISTA RECORDS, INC., a Delaware corporation; FONOVISA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; LAVA RECORDS, LLC, a Delaware limited liability company; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; LOUD RECORDS, LLC, a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | Civil Action No.: 04 CV 473 (DC)(DCF) |
|  Plaintiffs, |  |
|  -against- |  |
| DOES 1 - 40, |  |
|  Defendants. |  |

---

~~PROPOSED~~ **ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY**

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed

declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.

Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

0617015.1

ORDERED that Plaintiffs may serve immediate discovery on Cablevision to obtain the identity of each Doe Defendant by requesting the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the discovery requests shall may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: ___1/26/04___

_____
United States District Judge

2

0617015.1

Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
CAPITOL RECORDS, INC., a Delaware
corporation; ARISTA RECORDS, INC., a
Delaware corporation; INTERSCOPE
RECORDS, a California general partnership;        :     Civil Action No.: 04 CV 472 (LAK)(HBP)
LOUD RECORDS, LLC, a Delaware corporation;
UMG RECORDINGS, INC., a Delaware
corporation; WARNER BROS. RECORDS INC.,           :
a Delaware corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; FONOVISA, INC., a California         :
corporation; SONY MUSIC ENTERTAINMENT
INC., a Delaware corporation; BMG MUSIC, a
New York general partnership; LONDON-SIRE         :
RECORDS INC., a Delaware corporation;
MOTOWN RECORD COMPANY, L.P., a                    :
California limited partnership; PRIORITY
RECORDS LLC, a California limited liability
company; MAVERICK RECORDING
COMPANY, a California joint venture;              :
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; and VIRGIN RECORDS
AMERICA, INC., a California corporation,

            Plaintiffs,                           :

                                                 :
      -against-
                                                 :
DOES 1 - 250,
            Defendants.                          :
---------------------------------------------------------------x

## ~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed

declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.

Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable to obtain the identity each Doe Defendant by requesting the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. ~~The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).~~

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the discovery requests may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _1/26/04_

_____
United States District Judge

0617027.1